IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| DAVID E. THOMPSON )<br>　　Plaintiff )<br>)<br>vs )<br>)<br>COUNTY OF KENDALL, ANNE )<br>VICKERY, JOHN SHAW, PAM PARR, )<br>SUZANNE PETRELLA, JEFF WEHRLI, )<br>JESSIE HAFENRICHTER, )<br>ROBERT DAVIDSON, JR., NANCY )<br>MARTIN, JOHN PURCELL, and )<br>ELIZABETH FLOWERS, as Members )<br>of the Kendall County Board )<br>)<br>　　Defendants ) | Gen No. 09 MR 78<br><br>FILED<br>APR 30 2010<br>BECKY MORGANEGG<br>CIRCUIT CLERK KENDALL CO. |

<u>FIRST AMENDED COMPLAINT</u>
COUNT I
DECLARATORY JUDGMENT PURSUANT TO
735 ILCS 525/2-701

NOW COMES the Plaintiff, DAVID E. THOMPSON, by and through his Attorneys, the Law Office of Daniel J. Kramer and for his Complaint against the County of Kendall and its individual County Board Members for Count I of his Complaint states and alleges as follows:

1. That DAVID E. THOMPSON is a resident of the County of Kendall and served as the Kendall County Supervisor of Assessment for four consecutive terms commencing from approximately June 1, 1988 through terminating on May 31, 2009 with his alleged non-reappointment by the Kendall County Board Chairman and alleged action of the Kendall County Board both individually and as Members of the collective Kendall County Board.

2. That the County of Kendall is a body politic, charged with the legislative

and administrative duties in the operation of the County of Kendall and has ten individual Board Members as follows:

>ANNE VICKERY
>JOHN SHAW
>PAM PARR
>SUZANNE PETRELLA
>JEFF WEHRLI
>JESSIE HAFENRICHTER
>ROBERT DAVIDSON, JR.
>NANCY MARTIN
>JOHN PURCELL
>ELIZABETH FLOWERS

3. That with no prior notice either orally or in writing to Plaintiff of any deficiencies in the administration of the office of Kendall County Supervisor of Tax Assessments, DAVID E. THOMPSON was called into an Executive Session of the Kendall County Board on January 20, 2009.

4. That during the Executive Session of January 20, 2009, DAVID E. THOMPSON was advised by the Chairwoman of the Kendall County Board and through its members collectively and individually that he was not going to be re-appointed for a new four year term as Kendall County Supervisor of Assessments, which would commence June 1, 2009 and run through May 31, 2013.

5. That the January 20, 2009 Kendall County Board Agenda contained a line item indicating "Notify Supervisor of Assessment".

6. That prior to the completion and adjournment of the Kendall County Board meeting of January 20, 2009, in a regular session of the Kendall County Board a vote was made 7 to 3 to not re-appoint DAVID E. THOMPSON as Supervisor of Tax Assessments for Kendall County at the

next regular meeting.

7. That DAVID E. THOMPSON received actual notice from the Kendall County Board Chairman, and by the collective ten members of the Kendall County Board in the Executive Session of the Kendall County Board held on January 20, 2009 that he was not being reappointed as Kendall County Supervisor of Assessments.

8. That said Notice of non-reappointment in the Executive Session on January 20, 2009 was in violation of 35 ILCS 200/3-25 which provides that Notice of Non-Reappointment to the office of Supervisor of Tax Assessments must be given not more than 120 days and not less than 90 days before expiration of the office holders term of office, which in this case concluded on May 31, 2009.

9. That the actual Notice of Termination was given by the Kendall County Board Chairman and the Kendall County Board to Plaintiff, David E. Thompson, 131 days before his term of office concluded in violation of 35 ILCS 200/3-25.

10. That the additional Notice of non-reappointment by the Kendall County Board Chairman and Kendall County Board by its public vote on January 20, 2009 was in violation of 35 ILCS 200/3-25 which provides that the County Board must provide Notice of Non-Re-appointment to the Supervisor of Assessments not more than 120 days and not less that 90 days before expiration of the officeholders term of office, which concluded in this case on May 31, 2009.

11. That said vote at the Kendall County Board Meeting on January 20, 2009

was outside the permitted statutory notice period of not more than 120 days prior to expiation of the term of Plaintiff setout in 35 ILCS 200/3-25.

12. That on February 3, 2009 at a regularly scheduled meeting of the Kendall County Board a vote was taken to not re-appoint the Kendall County Supervisor of Tax Assessments, DAVID E. THOMPSON, to a new term commencing June 1, 2009.

13. That the Trial Court found in its Order Dismissing Count I of the original Complaint filed herein based upon Administrate Review, that the action of the County Board taken pursuant to its vote to not reappoint DAVID E. THOMPSON as Kendall County Supervisor of Assessments, was ministerial and not administrative or legislative thus making the actual Notice to Plaintiff, DAVID THOMPSON on January 20, 2009 both in the Executive Session of the Kendall County Board meeting and in the regular Kendall Count Board meeting held on January 20, 2009 to be the operative date of the Notice of Non-Reappointment.

14. That written notice of said failure to reappoint was served on Plaintiff, DAVID E. THOMPSON, on or about February 15, 2009, and that said Notice was a mere ministerial act, which in no way covered or cured the actual violation of 35 ILCS 100/3-25 by providing actual notice of Non-Reappointment outside of the present statutory period.

15. That Plaintiff, DAVID E. THOMPSON, by and through his Attorneys, Law Offices of Daniel J. Kramer, provided written notice to Eric Weis the State's Attorney and legal representative of the Kendall County Board, that he requested a Public Hearing on the issue of failure to re-appoint

DAVID E. THOMPSON as Supervisor of Assessments pursuant to 35 ILCS 200/3-25 (2009) on February 11, 2009 as is contained in a letter dated February 11, 2009 which is attached hereto and incorporated herein as Exhibit "A".

16. That Plaintiff was advised orally by the Kendall County State's Attorneys Office that the Kendall County Board would hold a hearing pursuant to 35 ILCS 200/3-25 (2009) at 5:30 p.m. on May 5, 2009 at a regularly scheduled Kendall County Board Meeting. Said oral Notice was not provided to Plaintiff, or his Attorney for at least thirty (30) days after Plaintiff's written request for hearing.

17. That the County of Kendall and its individual Board Members presented no evidence whatsoever, conducted no cross-examination of any of Plaintiff's witnesses at the hearing on May 5, 2009.

18. The evidence presented at the time of the May 5, 2009 Hearing disclosed and was uncontroverted that DAVID E. THOMPSON had served in the capacity of Kendall County Supervisor of Assessments for a period of twenty (20) years, that he had no adverse disciplinary action taken whatsoever, that there had been no receipt by Plaintiff of any written or verbal warnings of deficiencies in the operation of his Office from the Kendall County Board, and the record further clearly disclosed that he was held in high repute by the State Appointed County Tax Assessors Professional Organization, and that he had completed and taught various continuing education tax assessment courses.

19. The failure of the Kendall County Board to re-appoint DAVID E.

THOMPSON consistent with 35 ILCS 200/3-25 (2009) violated the Statutory requirement that he be given notice of non-reappointment no more than 120 days prior to the end of this current term of office; or in the alternative that he be re-appointed in the absence of cause for failure to re-appoint or that if the Chairman of the County Board desired not to reappoint him, said Notice of Non-Reappointment could only be given not more than one hundred twenty (120) days prior to expiration of this term.

20. That Plaintiff, DAVID E. THOMPSON, was given actual Notice by the County Board Chairman at the Executive Session of the Kendall County Board on January 20, 2009, which was 131 days prior to expiration of his term.

21. That failure to follow mandatory statutory guidelines as to Non-Reappointment under 35 ILCS 200/3-25 results in the failure of the Kendall County Board Chairman and the Kendall County Board to have properly notified Plaintiff, DAVID E. THOMPSON, of his non-Reappointment as Kendall County Supervisor of Assessments, by reasons of the collective failure to follow the statutory procedure on non-reappointment to that office.

22. That a new Supervisor of Assessments cannot be appointed or assume office until there is a proper non-reappointment of the existing Supervisor of Assessments and his successor is found to be properly qualified and appointed by nomination of the County Board Chairman and a confirmation vote by the Kendall County Board.

23. That be reason of the Kendall County Board Chairwoman and failure of

the Kendall County Board to provide proper statutory notice of Non-Reappointment, Plaintiff, DAVID E. THOMPSON is the actual Kendall County Supervisor of Assessments for a new four year terms commencing June 1, 2009, and is entitled to his salary, all employment benefits and to exercise all authority of his office for the current term of June 1, 2009 through May 31, 2013 in the absence of the County of Kendall properly following statutory practices in the non-reappointment of Plaintiff, DAVID E. THOMPSON to the position of Kendall County Supervisor of Assessments.

24. That as a result of the failure of the Kendall County Board Chairwoman and Kendall County Board to provide actual notice of non-reappointment within of the Statutory prescribed time period, they have prevented David E. Thompson, from acting as Kendall County Supervisor of Assessments since June 1, 2009 which has caused the loss of income for his four year term, the loss of his Illinois Municipal Retirement Fund contributions from both Employer and Employee for a four year term, the loss of Health Insurance premiums being contributed to by the County of Kendall for a four year term and has resulted in his incurring substantial legal fees for the wrongful failure to re-appoint him to the office of Kendall County Supervisor of Tax Assessments for the term of June 1, 2009 through May 31, 2013.

25. That Plaintiff is entitled to a Declaratory Judgment providing in the alternative that he be declared to be entitled to currently hold the office of the Kendall County Supervisor of Tax Assessments from June 1, 2009

through May 31, 1013, and receive all back, current, and future compensation and employee benefits which would accrue to him during that term of office, or that this Court adjudicate his right to damages in an amount in excess of $500,000.00 for loss of his salary as Kendall County Supervisor of Assessment, loss of Employer and Employee contributions to Illinois Municipal Retirement Fund, loss of Health Insurance benefits, and the incurrence of Court costs and Attorneys fees in protecting his rights as Kendall County Supervisor of Assessment to be re-appointed to a new four year term in the absence of cause being shown in violation of Illinois Compiled Statute preventing his re-appoint.

WHEREFORE, Plaintiff, DAVID E. THOMPSON, prays that this Honorable Court grant a Declaratory Judgment finding that Plaintiff, DAVID E. THOMPSON, is the current office holder of the Office of Kendall County Supervisor of Assessments until May 31, 2013 and restore to him all accrued salary and employee benefits due him as a result of the failure to provide property statutory notice of non-reappointment in violation of 35 ILCS 200/3-25 (2009); or in the alternative that this court adjudicate the amount of damages suffered by Plaintiff to be in a sum in excess of $500,000.00 and Plaintiff requests the Honorable Court to award Judgment in favor of DAVID E. THOMPSON of $500,000.00 plus cost of suit and reasonable Attorneys fees herein.

### COUNT II
### VIOLATION OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND EQUAL PROTECTION UNDER ARTICLE II OF THE CONSTITUTION OF THE STATE OF ILLINOIS

NOW COMES Plaintiff, DAVID E. THOMPSON, by and for his Complaint against the County of Kendall and its Board Members and in support of his Constitutional

claim pursuant to the Constitution of the State of Illinois and the United States Constitution states and alleges as follows:

1-26. Plaintiff repeats and realleges paragraphs 1-26 of Count I of this Second Amended Complaint as and for paragraphs 1-26 of Count II of this Amended Complaint.

26. That the Fifth Amendment to the Constitution of the United States protects Plaintiff herein in that no taking can be made without compensation to Plaintiff.

27. That Plaintiff, DAVID E. THOMPSON, had a property right and a statutory right to hold the Office of Kendall County Supervisor of Assessments, in the absence of a proper Notice not to reappoint him pursuant to 35 ILCS 200/2-25, or an action being commenced to find that he had not properly performed his duties of office.

28. That the failure of the Kendall County Board Chairman to properly provide Notice of Non-Reappointment, and to violate 35 ILCS 200/2-25 which prohibits Notice before 120 days of the end of the term of office being provided Notice of Non-Reappointment, violated the Fifth Amendment of the Constitution of the United States in that the County of Kendall through the actions of its Board Chairwoman and County Board has taken the property right to hold office from Plaintiff DAVID E. THOMPSON herein.

29. That the failure of the Kendall County Board Chairwoman and the Kendall County Board to follow this specifically prescribed course of action setout in the Illinois Statute for Non-Re-Appointment violates

9

Equal Protection under Article 1 Section II of the Illinois Constitution in that Plaintiff is entitled to equal protection of the Laws, and it's the Statutory language is a prescribed method of Notice of Non-Reappointment the violation thereof entitles Plaintiff to equal protection of the Laws under the Illinois Constitution to maintain his duly appointed office that he previously held and had a right to hold for an additional Four (4) years in the absence of proper notice of non-reappointment.

WHEREFORE, Plaintiff, DAVID E. THOMPSON, prays that this Honorable Court enter a Judgment based on the Fifth Amendment of the Constitution of the United States pursuant to the Takings Clause thereof or in the alternative pursuant to Article I, Section II of the Illinois Constitution entitling Plaintiff to equal protection under the laws and restore him to the Office of Kendall County Supervisor of Tax Assessments granting as part of that Judgment a restoration of all employment and salary provisions from June 9, 2009 through May 31, 2013; or in the alternative that this Court find that the Kendall County Board and it Chairwoman has violated the Constitutional Sections set forth herein and award him damages in a sum in excess of $500,000.00 as compensatory damages for the improper taking of his property right , being the Office of Kendall County Supervisor of Tax Assessments for a four year term.

_____
DAVID E. THOMPSON, Plaintiff

STATE OF ILLINOIS )
                  )ss
COUNTY OF KENDALL )

DAVID E. THOMPSON, being first duly sworn on oath, depose and state that he is the Plaintiff who signed the foregoing Complaint; that he understands the contents thereof, and the same are true and correct.

_____
DAVID E. THOMPSON

Subscribed and sworn to before me,

April 30, A.D. 2010

_____
NOTARY PUBLIC

OFFICIAL SEAL
ROBIN E GUZMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/16/11

Law Offices of Daniel J. Kramer
1107A S. Bridge St.
Yorkville, IL 60560
(630) 553-9500

## **ATTORNEY CERTIFICATION**

    The signature of the undersigned attorney constitutes a certificate by him that he has read the foregoing pleading, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law of a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

_____
Daniel J. Kramer

LAW OFFICES
OF
*Daniel J. Kramer*

DANIEL J. KRAMER

1107A SOUTH BRIDGE STREET
YORKVILLE, ILLINOIS 60560
(630) 553-9500
FAX: (630) 553-5764

KELLY A. KRAMER
D. J. KRAMER

February 11, 2009

Kendall County Board
Attn: Kendall County Clerk Debbie Gillette

RE: David Earl Thompson, Kendall County Supervisor of Assessments

Dear Kendall County Board and Kendall County Clerk:

Please be advised that my office has been retained to represent David Earl Thompson. Additionally please be advised that David Earl Thompson hereby requests a Public Hearing as to why the incumbent Kendall County Assessor will not be reappointed to his position pursuant to 35 ILCS 200/3-25.

Please schedule the same and forward the time, date, and location to my office at your earliest convenience.

Very truly yours,

Daniel J. Kramer,
Attorney at Law

DJK/cth

cc. Eric Weis, Kendall County States Attorney

EXHIBIT 4