19-1031-LAM

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID E. THOMPSON,

                    Plaintiff,

vs.

COUNTY OF KENDALL, ANNE VICKERY,      No. 10cv3139
JOHN SHAW, PAM PARR, SUZANNE
PETRELLA, JEFF WEHRLI, JESSIE            Honorable Joan H. Lefkow
HAFENRICHTER, ROBERT DAVIDSON, JR.,
NANCY MARTIN, JOHN PURCELL and
ELIZABETH FLOWERS, as Members of the
Kendall County Board,

                    Defendants.

# **DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants, COUNTY OF KENDALL, ANNE VICKERY, JOHN

SHAW, PAM PARR, SUZANNE PETRELLA, JEFF WEHRLI, JESSIE HAFENRICHTER,

ROBERT DAVIDSON, JR., NANCY MARTIN, JOHN PURCELL and ELIZABETH

FLOWERS, as Members of the Kendall County Board, by and through their attorneys in this

regard, MANCINI, LONG & LATREILLE, LTD., and, pursuant to Federal Rules of Civil

Procedure 12(b)(6), move this Honorable Court for the entry of an order dismissing the

Plaintiff's First Amended.

In support thereof, the Defendants state as follows:

1

**FACTUAL BACKGROUND**

1.      On April 30, 2010, the Plaintiff filed a two Count First Amended Complaint against these Defendants in the Circuit Court for the Sixteenth Judicial Circuit, Kendall County, Illinois.  A copy of the First Amended Complaint is attached hereto as Exhibit A.  In Count I of that pleading, the Plaintiff seeks a declaratory judgment from the Court pursuant to Section 2-701 of the Illinois Code of Civil Procedure (735 ILCS 5/2-701) premised on the Defendants' decision, as members of the Kendall County Board, not to reappoint him as Supervisor of Assessments for Kendall County.  In Count II, the Plaintiff seeks monetary damages from the Defendants pursuant to the Takings Clause of the Fifth Amendment to the United States Constitution based on the same conduct.

2.      On May 20, 2010, the Defendants filed a Notice of Removal with this Court based on the Plaintiff's assertion of a claim under the Fifth Amendment.

3.      In terms of the factual history of this matter, the Plaintiff has alleged in his First Amended Complaint as follows:

   (a)     That on January 20, 2009 an Executive Session of the Kendall County Board was conducted and a decision was reached that the Plaintiff would not be reappointed for a new four year term as Supervisor of Assessments when his prior appointment terminated on May 31, 2009 (Plaintiff's First Amended Complaint, Paragraphs 3 to 6).

   (b)     That the Plaintiff received "actual notice" from the Chairman of the Kendall County Board in that Executive Session that he would not be reappointed as Supervisor of

2

Assessments for a new term (Plaintiff's First Amended Complaint, Paragraph 7).

(c)    That on February 3, 2009, a vote was taken at the regularly scheduled meeting of the Kendall County Board not to reappoint the Plaintiff to a new term as Supervisor of Assessments (Plaintiff's First Amended Complaint, Paragraph 12).

(d)    That on February 15, 2009 written notice of the decision not to reappoint the Plaintiff to a new term as Supervisor of Assessments was served on the Plaintiff (Plaintiff's First Amended Complaint, Paragraph 14).

4.    Based on the above described factual allegations, the Plaintiff claims that the Defendants' decision to not reappoint him to a new term as Supervisor of Assessments was not implemented in compliance with the notice provisions of Section 3-25 of the Illinois Property Tax Code (35 ILCS 200/3-25), which sets forth the procedures for the reappointment of supervisors of assessments, and was, therefore, improper and/or invalid.

5.    A fair and objective reading of the allegations contained in the Plaintiff's First Amended Complaint in light of the applicable case law, however, reveals that the Plaintiff has failed to set forth sufficient facts to establish either of the claims being asserted in that pleading.

## ARGUMENT

**(I)    Plaintiff has failed to plead facts which establish that the Defendants' decision not to reappoint him as Supervisor of Assessments was not implemented in compliance with the notice provisions of Section 3-25 of the Illinois Property Tax Code.**

6.    While a Complaint need not plead detailed factual allegations in order to defeat a motion to dismiss filed pursuant to Federal Rule of Procedure 12(b)(6), the complaint must

3

include more than conclusions and self serving recitations of the elements of a cause of action. Killingsworth v. HSBC Bank, 507 F3d 614 (7th Cir, 2007). Accordingly, a Court may grant such a motion to dismiss if the complaint in question lacks facts which would establish that the plaintiff has a plausible claim for relief. Bell Atlantic Corp v. Twambley, 127 S.Ct. 1955 (2007). In the case at bar, not only do the facts pled fail to demonstrate that the Plaintiff has arguably viable claims against the Defendants, but a fair review of these facts conclusively establishes that the Plaintiff's claims have no basis in fact.

7.      With regard to both his request for a declaratory judgment and monetary damages under the Fifth Amendment, the Plaintiff's position rests exclusively on the claim that the Defendants did not comply with the notice requirements of Section 3-25 of the Illinois Property Tax Code and that, as a result of that lack of compliance, the Defendants decision not to reappoint him to another term in office is improper and/or invalid. However, in taking that position, the Plaintiff ignores critical fact which he has specifically pled in his First Amended Complaint.

8.      Section 3-25 provides as follows:

> "Reappointment or reelection. Reappointment or reelection of an incumbent supervisor of assessments may be made without examination. If the presiding officer of the county board does not intend to reappoint an incumbent, he or she shall notify the incumbent not more than 120 nor less than 90 days before the expiration of his or her term. Upon request of the incumbent, the county board shall grant a public hearing as to why the incumbent will not be reappointed."

4

Accordingly, under Section 3-25, a county board may properly and validly decline to reappoint a Supervisor or Assessments if it notifies him of that decision on a date within a period of 90 to 120 days before the expiration of the current term of office.

9.      Plaintiff alleged in the Plaintiff's First Amended Complaint, that his term of office was to expire on May 31, 2009 (Plaintiff's First Amended Complaint Paragraph 1). Therefore, in order to comply with Section 3-25, the Defendants had to notify the Plaintiff of their decision not to reappoint on a date between January 31, 2009 and March 2, 2009. In Paragraph 14 of his First Amended Complaint, the plaintiff expressly admits that "written notice... was served on the Plaintiff, DAVID E. THOMPSON, on or about February 15, 2009." Accordingly, the Plaintiff himself has acknowledged that the notice requirement set forth in Section 3-25 was satisfied. That being the case, the facts alleged in the Plaintiff's own pleading conclusively establish both that the Defendants decision not to reappoint him was effectuated in a proper and valid manner and that the Plaintiff's claims against the Defendants are factually unsupported.

10.     In apparent recognition of this fatal flaw in his position, the Plaintiff alleges that he was "notified" of the Defendants' decision not to reappoint him in the Executive Session on January 20, 2009 and proceed to base his claim of premature, ineffective notice on that date. Such a self-serving conclusion is both not warranted by the terms of Section 3-25 and is illogical in nature.

11.     Initially, nowhere on its face does Section 3-25 provide that, in the event that notice is given before the operative window of time, a county board is estoppel from subsequently giving notice during the time from set forth in that statutory provision. Nonetheless, this is exactly the theory on which the plaintiff basis his claims. Given the punitive

5

nature of the plaintiff's proposed expansion of the statutory language contained in Section 3-25, this Court should disregard the plaintiff's conclusory assertion that the notice given by the Defendants was in the instant matter premature and, instead, focus on the plaintiff's admission that the Defendants did, in fact, give him written notification of their decision on February 15, 2009, 105 days prior to the expiration of his term.

12.     In addition to not being warranted by the plain language of Section 3-25, the Plaintiff's position is illogical.  While there is no case law in Illinois concerning the affect of premature notice in terms of the requirements of Section 3-25, guidance can be taken from the Illinois Court's handling of issues concerning the filing of notices of appeal.  Pursuant to Illinois Supreme Court Rules 303 and 304, notices of appeal are required to be filed within 30 days of certain events which take place at the trial court level.  In addressing situations where a notice of appeal has been filed before a triggering event, i.e., the entry of a final order disposing of all issues in the case, Illinois Courts have held that a "premature" notice is a nullity and that a proper notice must be filed within the appropriate time frame in order to be effective.  The Habitat Company v. McClure, 301 Ill.App.3d 425, 234 Ill.Dec.717, 703 NE2d 578 (1st Dist., 1998); People Ex Rel Ryan v. Rude Way Enterprises, 326 IllApp.3d 959, 261 ID 368, 763 NE2d 338 (1st Dist., 2001).

Applying this interpretation of the impact of "premature" notice to the case at bar then the "notice" received by the Plaintiff on January 20, 2009 must be viewed as being a nullity so that the Plaintiff would arguably be entitled to a new term if no further notice was given to him. However, as the Plaintiff himself admits, he was given notification during the time period set

6

forth in Sec 3-25. Therefore, proper notice was given to the Plaintiff and the Defendants decision to not reappoint the Plaintiff as Supervisor of Assessments was proper and valid.

13.     Insomuch as both the claims being asserted against the Defendants are premised on a clear mischaracterization of the facts pled, the Plaintiff has failed and sufficiently pled a claim on which recovery can be had and the First Amended Complaint must be dismissed with prejudice.

**II.     Count II of the Plaintiff's First Amended Complaint must be dismissed in that the Plaintiff has not, and cannot, state a claim that he has suffered a deprivation in violation of his Fifth Amendment rights.**

14.     In Count II of his First Amended Complaint, the Plaintiff asserts that the Defendants violated his Fifth Amendment rights when they failed to reappoint him as Supervisor of Assessments without complying with the notice requirements of Section 3-25 of the Illinois Property Tax Code. However such a claim is legally without merit.

15.     As a preliminary matter, the Plaintiff has failed to properly plead a basis for recovery against the Defendants in Count II. In that portion of his pleading, the Plaintiff simply claims that the Defendants' actions deprived him of his rights under the Fifth Amendment of the United States Constitution. Nowhere in Count II does the Plaintiff allege either a basis for the application of these federally protected rights to state actors such as the Defendants or a basis on which the Defendants could be held liable in a civil actions for the alleged violation of these rights. Accordingly, on a very fundamental level, the Plaintiff has failed to establish the existence of even a facially valid claim against the Defendants with respect to Count II and that cause of action should be dismissed.

7

16.     More importantly, however, the interest which the Plaintiff claims he was deprived of by the Defendants does not, by its nature, provide a basis for a claim under the Fifth Amendment. Very simply, the essence of the Plaintiff's Fifth Amendment claim is that he was wrongfully deprived of his employment as the Supervisor of Assessments by the Defendants' failure to comply with the procedures set forth in Section 3-25 of Illinois Property Tax Code. However, that very claim was addressed and rejected by the Seventh Circuit Court of Appeals in Endicott v. Huddleston, 664 F3d 1208 (7th cir, 1980). In that case, the Plaintiff alleged that he was deprived of a constitutionally protected property right when, like the instant Plaintiff, he was not reappointed to a new term as Supervisor of Assessments. In rejecting the Plaintiff's claim in that regard, the Court concluded that the Plaintiff did not have a property right in his continued employment in that position and that, while he had a subjective expectancy of reappointment, the termination of his employment was not protected by constitutional procedural due process. Endicott, 644 F2d at 1214.

17.     In the case at bar, the Plaintiff's Fifth Amendment claim is similarly flawed. Like the Supervisor of Assessments in Endicott, the instant Plaintiff does not have a constitutionally protected property right to continued employment in that position. Therefore, there exists no basis in law for the claim contained in Count II that the Defendants' decision no to reappoint him as Supervisor of Assessments violated the Takings Clause of the Fifth Amendment. That being the case, Count II of the Plaintiff's First Amended Complaint must be dismissed with prejudice.

**III.    Count I of the Plaintiff's First Amended Complaint must be dismissed insomuch as it does not sufficiently plead facts which would entitle him to declaratory relief pursuant to Section 2-701 of the Illinois Code of Civil Procedure.**

8

18.     Illinois Courts have determined that the essential elements of a declaratory judgment action which must be plead are (1) that the Plaintiff has a legal tangible interest; (2) that the Defendant has an opposing interest and (3) that an actual controversy exists between the parties and that dismissal is proper if these elements are not properly pled, Kovilic v. City of Chicago, 351 Ill.App.3d 139, 286 Ill.Dec. 353, 813 NE2d 1046 (1st Dist. 2004). Based on the nature of the fundamental issue on which the Plaintiff's claim is based, the Plaintiff cannot allege that the instant matter involves a tangible legal interest which he possesses.

19.     As described in detail above, under Illinois law, the Plaintiff does not have a right to continued employment as Supervisor of Assessments Endicott v. Huddeston, 6654 F2d 1208 (7th Cir. 1980).  To the contrary, Section 3-25 of the Property Tax Code clearly establishes that an individual's service as a Supervisor of Assessments may be terminated at the discretion of the County Board at the conclusion of a four year term in office.  Consequently, insomuch as the Plaintiff does not have a right to continued appointment as Supervisor of Assessments and was properly not reappointed by the Defendants, he does not have a tangible legal right which can be addressed through a declaratory judgment proceeding.  Accordingly, Count I of the Plaintiff's First Amended Complaint should be dismissed on that basis.

20.     Additionally, Count I improperly seeks relief to which the Plaintiff is not entitled in a declaratory judgment action.  As expressly stated in Section 2-701 of Illinois Code of Civil Procedure (735 ILCS 5/2-701), a declaratory judgment proceeding is the proper legal mechanism through which a party may seek a "binding declaration of rights."  While the Plaintiff does request in Count I such a declaration of with respect to his termination as Supervisor of Assessments, he also requests a declaration from the Court that he is entitled to an adjudication

9

and award of a specific amount of monetary damages. Clearly, relief of that nature is not a declaration of rights and Count I of the Plaintiff's First Amended Complaint should be dismissed insomuch as it, in part, seeks relief not available in a declaratory judgment action.

WHEREFORE, for the foregoing reasons, the Defendants, COUNTY OF KENDALL, ANNE VICKERY, JOHN SHAW, PAM PARR, SUZANNE PETRELLA, JEFF WEHRLI, JESSIE HAFENRICHTER, ROBERT DAVIDSON, JR., NANCY MARTIN, JOHN PURCELL and ELIZABETH FLOWERS, as Members of the Kendall County Board, respectfully request that this Honorable Court enter an Order dismissing the Plaintiff's First Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

MANCINI, LONG & LATREILLE, LTD.

s/ Lorenzo A. Mancini
Attorney for Defendants


## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn, deposes and states that the foregoing Motion to Enlarge was served upon the foregoing named attorneys, via e-mail transmission, and by mailing true and correct copies of same this **9th** day of **July, 2010,** by depositing them in the United States Mail at Wheaton, Illinois, postage prepaid, addressed as above shown.

s/ Lorenzo A. Mancini


MANCINI, LONG & LATREILLE, LTD.
109 North Hale, P.O. Box 846
Wheaton, IL 60187-0846
(630) 668-9410
#01746855

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
### KENDALL COUNTY, ILLINOIS

DAVID E. THOMPSON            )
      Plaintiff             )
                         )

vs                        )     Gen No. 09 MR 78
                         )

COUNTY OF KENDALL, ANNE     )
VICKERY, JOHN SHAW,PAM PARR,  )
SUZANNE PETRELLA,JEFF WEHRLI,  )
JESSIE HAFENRICHTER,          )
ROBERT DAVIDSON, JR., NANCY   )
MARTIN, JOHN PURCELL, and     )
ELIZABETH FLOWERS, as Members  )
of the Kendall County Board      )
                         )
      Defendants         )

FILED

APR 3 0 2010

BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

### FIRST AMENDED COMPLAINT
### COUNT I
### DECLARATORY JUDGMENT PURSUANT TO
### 735 ILCS 525/2-701

NOW COMES the Plaintiff, DAVID E. THOMPSON, by and through his

Attorneys, the Law Office of Daniel J. Kramer and for his Complaint against the County

of Kendall and its individual County Board Members for Count I of his Complaint states

and alleges as follows:

1.      That DAVID E. THOMPSON is a resident of the County of Kendall and

served as the Kendall County Supervisor of Assessment for four

consecutive terms commencing from approximately June 1, 1988 through

terminating on May 31, 2009 with his alleged non-reappointment by the

Kendall County Board Chairman and alleged action of the Kendall County

Board both individually and as Members of the collective Kendall County

Board.

2.      That the County of Kendall is a body politic, charged with the legislative



DEFENDANT'S
EXHIBIT
"A"

and administrative duties in the operation of the County of Kendall and

has ten individual Board Members as follows:

ANNE VICKERY
JOHN SHAW
PAM PARR
SUZANNE PETRELLA
JEFF WEHRLI
JESSIE HAFENRICHTER
ROBERT DAVIDSON, JR.
NANCY MARTIN
JOHN PURCELL
ELIZABETH FLOWERS

3.      That with no prior notice either orally or in writing to Plaintiff of any

deficiencies in the administration of the office of Kendall County

Supervisor of Tax Assessments, DAVID E. THOMPSON was called into

an Executive Session of the Kendall County Board on January 20, 2009.

4.      That during the Executive Session of January 20, 2009, DAVID E.

THOMPSON was advised by the Chairwoman of the Kendall County

Board and through its members collectively and individually that he was

not going to be re-appointed for a new four year term as Kendall County

Supervisor of Assessments, which would commence June 1, 2009 and run

through May 31, 2013.

5.      That the January 20, 2009 Kendall County Board Agenda contained a line

item indicating "Notify Supervisor of Assessment".

6.      That prior to the completion and adjournment of the Kendall County

Board meeting of January 20, 2009, in a regular session of the Kendall

County Board a vote was made 7 to 3 to not re-appoint DAVID E.

THOMPSON as Supervisor of Tax Assessments for Kendall County at the

2

next regular meeting.

7.  That DAVID E. THOMPSON received actual notice from the Kendall County Board Chairman, and by the collective ten members of the Kendall County Board in the Executive Session of the Kendall County Board held on January 20, 2009 that he was not being reappointed as Kendall County Supervisor of Assessments.

8.  That said Notice of non-reappointment in the Executive Session on January 20, 2009 was in violation of 35 ILCS 200/3-25 which provides that Notice of Non-Reappointment to the office of Supervisor of Tax Assessments must be given not more than 120 days and not less than 90 days before expiration of the office holders term of office, which in this case concluded on May 31, 2009.

9.  That the actual Notice of Termination was given by the Kendall County Board Chairman and the Kendall County Board to Plaintiff, David E. Thompson, 131 days before his term of office concluded in violation of 35 ILCS 200/3-25.

10. That the additional Notice of non-reappointment by the Kendall County Board Chairman and Kendall County Board by its public vote on January 20, 2009 was in violation of 35 ILCS 200/3-25 which provides that the County Board must provide Notice of Non-Re-appointment to the Supervisor of Assessments not more than 120 days and not less that 90 days before expiration of the officeholders term of office, which concluded in this case on May 31, 2009.

11. That said vote at the Kendall County Board Meeting on January 20, 2009

3

was outside the permitted statutory notice period of not more than 120

days prior to expiation of the term of Plaintiff setout in 35 ILCS 200/3-25.

12. That on February 3, 2009 at a regularly scheduled meeting of the Kendall

County Board a vote was taken to not re-appoint the Kendall County

Supervisor of Tax Assessments, DAVID E. THOMPSON, to a new term

commencing June 1, 2009.

13. That the Trial Court found in its Order Dismissing Count I of the original

Complaint filed herein based upon Administrate Review, that the action of

the County Board taken pursuant to its vote to not reappoint DAVID E.

THOMPSON as Kendall County Supervisor of Assessments, was

ministerial and not administrative or legislative thus making the actual

Notice to Plaintiff, DAVID THOMPSON on January 20, 2009 both in the

Executive Session of the Kendall County Board meeting and in the regular

Kendall Count Board meeting held on January 20, 2009 to be the

operative date of the Notice of Non-Reappointment.

14. That written notice of said failure to reappoint was served on Plaintiff,

DAVID E. THOMPSON, on or about February 15, 2009, and that said

Notice was a mere ministerial act, which in no way covered or cured the

actual violation of 35 ILCS 100/3-25 by providing actual notice of Non-

Reappointment outside of the present statutory period.

15. That Plaintiff, DAVID E. THOMPSON, by and through his Attorneys,

Law Offices of Daniel J. Kramer, provided written notice to Eric Weis the

State's Attorney and legal representative of the Kendall County Board,

that he requested a Public Hearing on the issue of failure to re-appoint

4

DAVID E. THOMPSON as Supervisor of Assessments pursuant to 35 ILCS 200/3-25 (2009) on February 11, 2009 as is contained in a letter dated February 11, 2009 which is attached hereto and incorporated herein as Exhibit "A".

16. That Plaintiff was advised orally by the Kendall County State's Attorneys Office that the Kendall County Board would hold a hearing pursuant to 35 ILCS 200/3-25 (2009) at 5:30 p.m. on May 5, 2009 at a regularly scheduled Kendall County Board Meeting. Said oral Notice was not provided to Plaintiff, or his Attorney for at least thirty (30) days after Plaintiff's written request for hearing.

17. That the County of Kendall and its individual Board Members presented no evidence whatsoever, conducted no cross-examination of any of Plaintiff's witnesses at the hearing on May 5, 2009.

18. The evidence presented at the time of the May 5, 2009 Hearing disclosed and was uncontroverted that DAVID E. THOMPSON had served in the capacity of Kendall County Supervisor of Assessments for a period of twenty (20) years, that he had no adverse disciplinary action taken whatsoever, that there had been no receipt by Plaintiff of any written or verbal warnings of deficiencies in the operation of his Office from the Kendall County Board, and the record further clearly disclosed that he was held in high repute by the State Appointed County Tax Assessors Professional Organization, and that he had completed and taught various continuing education tax assessment courses.

19. The failure of the Kendall County Board to re-appoint DAVID E.

5

THOMPSON consistent with 35 ILCS 200/3-25 (2009) violated the Statutory requirement that he be given notice of non-reappointment no more than 120 days prior to the end of this current term of office; or in the alternative that he be re-appointed in the absence of cause for failure to re-appoint or that if the Chairman of the County Board desired not to reappoint him, said Notice of Non-Reappointment could only be given not more than one hundred twenty (120) days prior to expiration of this term.

20. That Plaintiff, DAVID E. THOMPSON, was given actual Notice by the County Board Chairman at the Executive Session of the Kendall County Board on January 20, 2009, which was 131 days prior to expiration of his term.

21. That failure to follow mandatory statutory guidelines as to Non-Reappointment under 35 ILCS 200/3-25 results in the failure of the Kendall County Board Chairman and the Kendall County Board to have properly notified Plaintiff, DAVID E. THOMPSON, of his non-Reappointment as Kendall County Supervisor of Assessments, by reasons of the collective failure to follow the statutory procedure on non-reappointment to that office.

22. That a new Supervisor of Assessments cannot be appointed or assume office until there is a proper non-reappointment of the existing Supervisor of Assessments and his successor is found to be properly qualified and appointed by nomination of the County Board Chairman and a confirmation vote by the Kendall County Board.

23. That be reason of the Kendall County Board Chairwoman and failure of

the Kendall County Board to provide proper statutory notice of Non-Reappointment, Plaintiff, DAVID E. THOMPSON is the actual Kendall County Supervisor of Assessments for a new four year terms commencing June 1, 2009, and is entitled to his salary, all employment benefits and to exercise all authority of his office for the current term of June 1, 2009 through May 31, 2013 in the absence of the County of Kendall properly following statutory practices in the non-reappointment of Plaintiff, DAVID E. THOMPSON to the position of Kendall County Supervisor of Assessments.

24. That as a result of the failure of the Kendall County Board Chairwoman and Kendall County Board to provide actual notice of non-reappointment within of the Statutory prescribed time period, they have prevented David E. Thompson, from acting as Kendall County Supervisor of Assessments since June 1, 2009 which has caused the loss of income for his four year term, the loss of his Illinois Municipal Retirement Fund contributions from both Employer and Employee for a four year term, the loss of Health Insurance premiums being contributed to by the County of Kendall for a four year term and has resulted in his incurring substantial legal fees for the wrongful failure to re-appoint him to the office of Kendall County Supervisor of Tax Assessments for the term of June 1, 2009 through May 31, 2013.

25. That Plaintiff is entitled to a Declaratory Judgment providing in the alternative that he be declared to be entitled to currently hold the office of the Kendall County Supervisor of Tax Assessments from June 1, 2009

7

through May 31, 1013, and receive all back, current, and future compensation and employee benefits which would accrue to him during that term of office, or that this Court adjudicate his right to damages in an amount in excess of $500,000.00 for loss of his salary as Kendall County Supervisor of Assessment, loss of Employer and Employee contributions to Illinois Municipal Retirement Fund, loss of Health Insurance benefits, and the incurrence of Court costs and Attorneys fees in protecting his rights as Kendall County Supervisor of Assessment to be re-appointed to a new four year term in the absence of cause being shown in violation of Illinois Compiled Statute preventing his re-appoint.

WHEREFORE, Plaintiff, DAVID E. THOMPSON, prays that this Honorable Court grant a Declaratory Judgment finding that Plaintiff, DAVID E. THOMPSON, is the current office holder of the Office of Kendall County Supervisor of Assessments until May 31, 2013 and restore to him all accrued salary and employee benefits due him as a result of the failure to provide property statutory notice of non-reappointment in violation of 35 ILCS 200/3-25 (2009); or in the alternative that this court adjudicate the amount of damages suffered by Plaintiff to be in a sum in excess of $500,000.00 and Plaintiff requests the Honorable Court to award Judgment in favor of DAVID E. THOMPSON of $500,000.00 plus cost of suit and reasonable Attorneys fees herein.

## COUNT II
## VIOLATION OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND EQUAL PROTECTION UNDER ARTICLE II OF THE CONSTITUTION OF THE STATE OF ILLINOIS

NOW COMES Plaintiff, DAVID E. THOMPSON, by and for his Complaint against the County of Kendall and its Board Members and in support of his Constitutional

8

claim pursuant to the Constitution of the State of Illinois and the United States

Constitution states and alleges as follows:

1-26. Plaintiff repeats and realleges paragraphs 1-26 of Count I of this Second Amended Complaint as and for paragraphs 1-26 of Count II of this Amended Complaint.

26. That the Fifth Amendment to the Constitution of the United States protects Plaintiff herein in that no taking can be made without compensation to Plaintiff.

27. That Plaintiff, DAVID E. THOMPSON, had a property right and a statutory right to hold the Office of Kendall County Supervisor of Assessments, in the absence of a proper Notice not to reappoint him pursuant to 35 ILCS 200/2-25, or an action being commenced to find that he had not properly performed his duties of office.

28. That the failure of the Kendall County Board Chairman to properly provide Notice of Non-Reappointment, and to violate 35 ILCS 200/2-25 which prohibits Notice before 120 days of the end of the term of office being provided Notice of Non-Reappointment, violated the Fifth Amendment of the Constitution of the United States in that the County of Kendall through the actions of its Board Chairwoman and County Board has taken the property right to hold office from Plaintiff DAVID E. THOMPSON herein.

29. That the failure of the Kendall County Board Chairwoman and the Kendall County Board to follow this specifically prescribed course of action setout in the Illinois Statute for Non-Re-Appointment violates

9

Equal Protection under Article 1 Section II of the Illinois Constitution in that Plaintiff is entitled to equal protection of the Laws, and it's the Statutory language is a prescribed method of Notice of Non-Reappointment the violation thereof entitles Plaintiff to equal protection of the Laws under the Illinois Constitution to maintain his duly appointed office that he previously held and had a right to hold for an additional Four (4) years in the absence of proper notice of non-reappointment.

WHEREFORE, Plaintiff, DAVID E. THOMPSON, prays that this Honorable Court enter a Judgment based on the Fifth Amendment of the Constitution of the United States pursuant to the Takings Clause thereof or in the alternative pursuant to Article I, Section II of the Illinois Constitution entitling Plaintiff to equal protection under the laws and restore him to the Office of Kendall County Supervisor of Tax Assessments granting as part of that Judgment a restoration of all employment and salary provisions from June 9, 2009 through May 31, 2013; or in the alternative that this Court find that the Kendall County Board and it Chairwoman has violated the Constitutional Sections set forth herein and award him damages in a sum in excess of $500,000.00 as compensatory damages for the improper taking of his property right , being the Office of Kendall County Supervisor of Tax Assessments for a four year term.

DAVID E. THOMPSON, Plaintiff

STATE OF ILLINOIS      )
                          )ss
COUNTY OF KENDALL    )

DAVID E. THOMPSON, being first duly sworn on oath, depose and state that he is the Plaintiff who signed the foregoing Complaint; that he understands the contents thereof, and the same are true and correct.

DAVID E. THOMPSON

Subscribed and sworn to before me,

April 30 , A.D. 2010

NOTARY PUBLIC

OFFICIAL SEAL
ROBIN E GUZMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/16/11

Law Offices of Daniel J. Kramer
1107A S. Bridge St.
Yorkville, IL 60560
(630) 553-9500

## ATTORNEY CERTIFICATION

The signature of the undersigned attorney constitutes a certificate by him that he has read the foregoing pleading, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law of a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

_____

Daniel J. Kramer