## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
### KENDALL COUNTY, ILLINOIS

| | | |
|---|---|---|
| DAVID E. THOMPSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs | ) | Gen No. |
| | ) | |
| COUNTY OF KENDALL, ANNE | ) | |
| VICKERY, JOHN SHAW, PAM PARR, | ) | |
| SUZANNE PETRELLA, JEFF WEHRLI, | ) | |
| JESSIE HAFENRICHTER, | ) | |
| ROBERT DAVIDSON, JR., NANCY | ) | |
| MARTIN, JOHN PURCELL, and | ) | |
| ELIZABETH FLOWERS, as Members | ) | |
| of the Kendall County Board | ) | |
| | ) | |
| Defendants | ) | |

**FILED**

JUN 08 2009

BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

2009 _ MR 78

## COMPLAINT
## COUNT I
### (Administrative Review)

NOW COMES the Plaintiff, DAVID E. THOMPSON, by and through his Attorneys, the Law Office of Daniel J. Kramer and for his Complaint against the County of Kendall and its individual County Board Members for Count I of his Complaint states and alleges as follows:

1. That DAVID E. THOMPSON is a resident of the County of Kendall and served as the Kendall County Supervisor of Assessment for four consecutive terms, terminating on May 31, 2009.

2. That the County of Kendall is a body politic, charged with the legislative and administrative duties in the operation of the County of Kendall and has ten individual Board Members as follows:

ANNE VICKERY
JOHN SHAW

PAM PARR
SUZANNE PETRELLA
JEFF WEHRLI
JESSIE HAFENRICHTER
ROBERT DAVIDSON, JR.
NANCY MARTIN
JOHN PURCELL
ELIZABETH FLOWERS

3.      That this action for Administrative Review is commenced pursuant to 735

ILCS 5/3-103 (2009).

4.      That with no prior notice either oral or in writing of any deficiencies in the

administration of the office of Kendall County Supervisor of Tax

Assessments, DAVID E. THOMPSON was called into an Executive

Session of the Kendall County Board on January 20, 2009.

5.      That during the Executive Session of January 20, 2009, DAVID E.

THOMPSON was advised by the Kendall County Board that it intended

not to re-appoint him for a new four year term which would commence

June 1, 2009 and run through May 31, 2013.

6.      That the January 20, 2009 Kendall County Board Agenda contained a line

item indicating "Notify Supervisor of Assessment".

7.      That prior to the completion and adjournment of the Kendall County

Board meeting of January 20, 2009, in regular session a vote was made 7

to 3 to not re-appoint DAVID E. THOMPSON as Supervisor of Tax

Assessments for Kendall County at the next regular meeting.

8.      That said Notice of Non-Re-Appointment by the Kendall County Board by

its public vote on January 20, 2009 was in violation of 35 ILCS 200/3-25

which provides that the County Board must provide Notice of Non-Re-

2

appointment to the Supervisor of Assessments not more than 120 days and not less that 90 days before expiration of the officeholders term of office; which concluded in this case on May 31, 2009.

9. That on February 3, 2009 at a regularly scheduled meeting of the Kendall County Board a vote was taken to not re-appoint the Kendall County Supervisor of Tax Assessments, DAVID E. THOMPSON, to a new term commencing June 1, 2009.

10. That written notice of said failure to reappoint was served on Plaintiff, DAVID E. THOMPSON, on or about February 15, 2009.

11. That Plaintiff, DAVID E. THOMPSON, by and through his Attorneys, Law Offices of Daniel J. Kramer, provided written notice to Eric Weis the State's Attorney and legal representative of the Kendall County Board, that he requested a Public Hearing on the issue of failure to re-appoint DAVID E. THOMPSON as Supervisor of Assessments pursuant to 35 ILCS 200/3-25 (2009) on February 11, 2009 as is contained in a letter dated February 11, 2009 which is attached hereto and incorporated herein as Exhibit "A".

12. That Plaintiff was advised orally by the Kendall County State's Attorneys Office that the Kendall County Board would hold a hearing pursuant to 35 ILCS 200/3-25 (2009) would be held at 5:30 p.m. on May 5, 2009 at a regularly scheduled Kendall County Board Meeting.

13. That Plaintiff, DAVID E. THOMPSON, together with his Attorneys, Law Office of Daniel J. Kramer, witnesses called on his behalf, as well as a

3

Member of the Public participated in the Public Hearing together with the submission of written Affidavits and Meeting Minutes as evidence incorporated as Exhibits into the Transcript of Hearing, on May 5, 2009.

14.    That the County of Kendall and its individual Board Members presented no evidence whatsoever, conducted no cross-examination of any of Plaintiff's witnesses at the hearing on May 5, 2009.

15.    That a true and correct copy of the Transcript of Proceedings of said Administrative Public Hearing is attached hereto and incorporated herein by reference as Exhibit "B".

16.    That all proper parties are joined in this action in that all ten Kendall County Board Members and the County of Kendall which is the Administrative Body having made the decision in this cause, are joined as parties defendant.

17.    That the record attached hereto and incorporated herein as Exhibit "B" is the entire Record of Proceeding herein.

18.    That Plaintiff, DAVID E. THOMPSON, is entitled to an Administrative Review pursuant to 735 ILCS 5/3-103 (2009) of the result of the Hearing in this cause which was held on May 5, 2009 by timely filing this action for Administrative Review; the County of Kendall Board having failed to reappoint Plaintiff, DAVID E. THOMPSON as Kendall County Supervisor of Assessments for a four year term commencing June 1, 2009.

19.    That an Administrative Review of the Record in these proceedings, discloses only evidence showing that Plaintiff, DAVID E. THOMPSON,

4

performed all duties as required pursuant to Illinois Compiled Statutes for a County Supervisor of Assessments.

20.  The evidence presented at the time of the May 5, 2009 Hearing and as contained in the Administrative review record show that DAVID E. THOMPSON had served in the capacity of Kendall County Supervisor of Assessments for a period of twenty (20) years, that he had no adverse disciplinary action taken whatsoever, that there had been no receipt by Plaintiff of any written or verbal warnings of deficiencies in the operation of his Office from the Kendall County Board, and the record further clearly disclosed that he was held in high repute by the State Appointed County Tax Assessors Professional Organization, and that he had completed and taught various continuing education tax assessment courses.

21.  The failure of the Kendall County Board to re-appoint DAVID E. THOMPSON consistent with 35 ILCS 200/3-25 (2009) violated the Statutory requirement that he be re-appointed in the absence of cause for failure to re-appoint, and the Administrative Record attached hereto and incorporated herein discloses that no contrary decision could ever be made by the Kendall County Board or its ten individual members named as Defendants herein contrary pursuant to Illinois Administrative Law.

22.  That the failure to re-appoint DAVID E. THOMPSON as Kendall County Supervisor of Assessments has caused the loss of income for his four year term, the loss of his Illinois Municipal Retirement Fund contribution from

both Employer and Employee for a four year term, the loss of Health Insurance premiums being contributed to by the County of Kendall for a four year term and has resulted in his incurring substantial legal fees for the wrongful failure to re-appoint him to the office of Kendall County Supervisor of Tax Assessments for the term of June 1, 2009 through May 31, 2013.

WHEREFORE, Plaintiff, DAVID E. THOMPSON, prays that this Honorable Court conduct an Administrative Review of the Record incorporated herein by reference and find that the County of Kendall and its ten individual Board Members have failed against the manifest weight of evidence presented at Public Hearing on May 5, 2009 contrary to 35 ILCS 200/3-25 (2009) to re-appoint DAVID E. THOMPSON to the position of Kendall County Supervisor of Assessments and as a result of their failure to re-appoint he has suffered damages in a sum in excess of $500,000.00 and Plaintiff requests the Honorable Court to award Judgment in favor of DAVID E. THOMPSON and against the County of Kendall in a sum in excess of $500,000.00 plus cost of suit and reasonable Attorneys fees herein.

## COUNT II

### Declaratory Judgment

NOW COMES Plaintiff, DAVID E. THOMPSON, by and through his Attorneys, Law Office of Daniel J. Kramer and for Count II of his Compliant against the County of Kendall for Declaratory Judgment states and alleges as follows:

1-14.    As and for paragraphs 1-14 of County II of said Compliant.

15.    That an actual matter in controversy exists between Plaintiff, DAVID E.

THOMPSON and the County of Kendall pursuant to 735 ILCS 5/2-701 (2009). .

16. That the failure to re-appoint DAVID E. THOMPSON as Kendall County Supervisor of Assessments by the Kendall County Board for the period of June 1, 2009 through May 31, 2013 violated 35 ILCS 200/3-25 (2009).

17. That Plaintiff is entitled to a Declaratory Judgment providing damages in a sum in excess of $500,000.00 for loss of his salary as Kendall County Supervisor of Assessment, loss of Employer and Employee contributions to Illinois Municipal Retirement Fund, loss of Health Insurance benefits, and the incurrence of Court costs and Attorneys fees in protecting his rights as Kendall County Supervisor of Assessment to be re-appointed to a new four year term in the absence of cause being shown in violation of Illinois Compiled Statute preventing his re-appoint.

WHEREFORE, Plaintiff, DAVID E. THOMPSON, prays that this Honorable Court conduct an Administrative Review of the Record incorporated herein by reference and find that the County of Kendall and its ten individual Board Members have failed to re-appoint DAVID E. THOMPSON to the position of Kendall County Supervisor of Assessments all to his damaged in a sum in excess of $500,000.00 and award Judgment in favor of DAVID E. THOMPSON and against the County of Kendall in a sum in excess of $500,000.00 plus cost of suit and reasonable Attorneys fees herein.

_____
DAVID E. THOMPSON, Plaintiff

Law Offices of Daniel J. Kramer
1107A S. Bridge St.
Yorkville, IL 60560
(630) 553-9500

7