Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3139 | **DATE** | 12/21/2010 |
| **CASE TITLE** | Thompson vs. County of Kendall, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [15] is granted. Case dismissed. Civil case terminated.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

   David Thompson, formerly the Kendall County Supervisor of Assessments, filed suit in state court against the County of Kendall and the members of the Kendall County Board (collectively, "defendants"). Defendants removed the case to federal court upon the filing of an amended complaint that raised a federal question. Count I of the amended complaint seeks a declaratory judgment that, in providing Thompson with notice of non-reappointment to his position outside the statutory time period, defendants violated 35 Ill. Comp. Stat. 200/3-25, entitling Thompson to serve the four-year term that commenced on June 1, 2009. Count II alleges that the defendants deprived Thompson of his property and statutory right to hold the office of Kendall County Supervisor of Assessments when they failed to comply with the procedures required by 35 Ill. Comp. Stat. 200/3-25, in violation of the takings clause of the Fifth Amendment of the United States Constitution or alternatively Article I, Section II of the Illinois Constitution, which guarantees him equal protection under the law. Defendants filed a motion to dismiss the complaint, contending that the complaint demonstrates that the statutory requirements were not violated and that Thompson does not have a property right protected by the Fifth Amendment.

   While Thompson claims a Fifth Amendment takings violation, his claim is more appropriately considered as one for deprivation of a property interest without due process of law in violation of the Fourteenth Amendment. Regardless, his federal claim fails as he has not alleged a constitutionally protected property interest. Thompson claims that he had a property interest in continued employment as the Kendall County Supervisor of Assessments. The Seventh Circuit, however, has expressly found that the statute at issue here, 35 Ill. Comp. Stat. 200/3-25, does not provide Thompson with a protected property interest in continued employment. *Endicott* v. *Huddleston*, 644 F.3d 1208, 1214 (7th Cir. 1980). "The statute in no way intimates that an incumbent is granted tenure or has any entitlement to further employment. Instead, it suggests that the question of reappointment is left entirely to the discretion of the County Board." *Id.* Further, the right to procedural guarantees, such as a hearing or provision of notice within a certain time period, does not create a property interest protected by the Constitution. *See Farmer* v. *Lane*, 864 F.2d 473,

## STATEMENT

478 (7th Cir. 1988). "While he may have anticipated continued employment, a mere subjective expectancy of reappointment on the part of [Thompson] is not protected by procedural due process." *Endicott*, 644 F.3d at 1214. Because Thompson has not alleged a constitutionally protected property right, his federal claim must be dismissed. The court declines to exercise supplemental jurisdiction over his state law claims, which will be dismissed without prejudice to refiling in state court.